UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL BABILLA,

Plaintiff,

v. Case No. 6:20-cv-1434-Orl-37LRH

ALLSTATE INSURANCE COMPANY,

Defendant.

______________________________________

# ORDER

Defendant Allstate Insurance Company moves to dismiss Count II of Plaintiff Daniel Babilla's complaint. (Doc. 5 ("**Motion**").) Plaintiff opposes. (Doc. 10.) On review, the Motion is granted.

## I. BACKGROUND[1]

This insurance coverage dispute arises from a motor vehicle accident on November 20, 2018 in which Natalia Marie Ramirez-Sanchez, an underinsured or uninsured driver, negligently rear-ended Plaintiff's vehicle. (*See* Doc. 1-3, p. 8, ¶¶ 4–6.) After the accident, Plaintiff requested Defendant—his insurance carrier—pay him the uninsured motorist benefits provided under his insurance policy. (*Id.* at 9–10, ¶¶ 7–10, 13.) When Defendant failed to pay, Plaintiff sued for: (1) unpaid uninsured motorist benefits (*id.* at 8–10, ¶¶ 4–11 ("**Count I**")); and (2) bad faith under Florida law (*id.* at 10–

[1] The Court takes the facts in the complaint (Doc. 1-3, pp. 7–14) as true and construes them in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

13, ¶¶ 12–21 ("**Count II**")). Defendant moves to dismiss Count II. (Doc. 5.) With Plaintiff's response (Doc. 10), the matter is ripe.

## II. ANALYSIS

Defendant argues Count II should be dismissed because under Florida law this claim is unripe and will not ripen unless Count I is resolved in Plaintiff's favor. (Doc 5, pp. 3–7.) Plaintiff argues the Court should abate Count II rather than dismiss it. (Doc. 10, pp. 2, 3–7.) But dismissal without prejudice rather than abatement is proper.

"Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies." *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (citation omitted). Whether a case or controversy exists turns on a party's standing and the ripeness or mootness of a claim. *See id.* (citation omitted); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

The parties don't dispute that under Florida law bad faith claims will not ripen unless the movant prevails on the underlying coverage and liability issues. (Doc. 5, pp. 3–7; Doc. 10, pp. 2, 4); *see also Gen. Star Indem. Co. v. Anheuser-Busch Cos.*, 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999); *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007). Because Count II is unripe, the Court must dismiss it without prejudice rather than abate or stay the claim. *See Ralston v. LM Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *3 (M.D. Fla. Nov. 9, 2016) (considering a

bad faith claim and finding that "this Court is required to dismiss the unripe claim—not abate or stay" (citations omitted)); *see also, e.g.*, *Williams v. LM Gen. Ins. Co.*, No. 6:19-cv-675-Orl-37LRH, 2019 WL 5394001, at *1 (M.D. Fla. Apr. 30, 2019) (dismissing unripe bad faith claims).

## III. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 5) is **GRANTED**.
2. Count II of Plaintiff's complaint (Doc. 1-3, pp. 10–13, ¶¶ 12–21) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 26, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record